JOURNAL ENTRY AND OPINION
Appellant, City of Cleveland, is appealing the trial court's entry of judgment on the jury's verdict. The jury found that the City was 40% negligent and awarded appellee, Nancy Coleman, total damages of $20,000. The City contends that it's motion for a directed verdict should have been granted. For the following reasons, we reverse and remand.
Derris DeGray, appellee's next door neighbor, applied for a loan from the City of Cleveland's low interest loan program (Repair-A-Home program). There was no evidence the City granted the loan in order to remedy housing code violations. The City selected the lowest bidder to perform the work. DeGray had repairs performed to his driveway, and a drain in the center of the driveway. The City monitored the work and could stop the work if the performance was inadequate.
After the repairs to DeGray's driveway, appellee experienced water seepage in her home. Appellee's expert testified that the water seepage occurred because of negligent installation of DeGray's driveway and the drain in the center of the driveway. The jury found that the City was 40% negligent, because they had final approval on the work, and the inspection was not thorough. The jury found that the contractor was 60% negligent.
 I.
Appellant's first assignment of error states:
 A. THE TRIAL COURT ERRED IN DENYING THE CITY OF CLEVELAND'S MOTION FOR DIRECTED VERDICT AT THE END OF OPENING STATEMENTS BECAUSE THE CITY OF CLEVELAND IS IMMUNE FROM LIABILITY PURSUANT TO CHAPTER 2744 OF THE OHIO REVISED CODE.
 B. THE TRIAL COURT ERRED IN DENYING THE CITY OF CLEVELAND'S MOTION FOR DIRECTED VERDICT AT THE END OF DEFENDANTS' CASE BECAUSE THE CITY OF CLEVELAND IS IMMUNE FROM LIABILITY PURSUANT TO CHAPTER 2744 OF THE OHIO REVISED CODE.
A directed verdict should be granted if, after construing the evidence most strongly in favor of the party against whom the motion is directed, the court finds that upon any determinative issue reasonable minds could come to but one conclusion and that conclusion is adverse to such party. Civ.R. 50(A)(4); White v. Ohio Dept. of Transp. (1990), 56 Ohio St.3d 39,45. Appellant contends that reasonable minds could only conclude that the City was immune from liability.
A political subdivision is liable for negligent acts of its employees in the performance of proprietary functions. R.C. 2744.02(B)(2). The City is not liable for negligent acts in the performance of a government function, unless one of the exceptions set out in R.C. 2744.02(B) applies. The legislature listed activities which it defined as government functions in R.C. 2744.01(C)(2). R.C. 2744.01(C)(2)(p) states that the following is a government function:
 (p) The provision or nonprovision of inspection services of all types, including, but not limited to, inspections in connection with building, zoning, sanitation, fire, plumbing, and electrical codes, and the taking of actions in connection with those types of codes, including, but not limited to, the approval of plans for the construction of buildings or structures and the issuance or revocation of building permits or stop work orders in connection with buildings or structures;
(Emphasis added).
Appellee argues that, in this case, the inspection was a proprietary function because it was in connection with the provision of low interest loans. Appellee contends that the loan program is not a government function under the definition of government function stated in R.C.2744.01(C)(1). The City is not required to offer such low interest loans. See R.C. 2744.01(C)(1)(a). Offering such loans is customarily engaged in by non-governmental persons. R.C. 2744.01(C)(1)(c). The loans were not for the benefit of all, but only certain citizens who qualify for the loans. R.C. 2744.01(C)(1)(b). Appellee points out that the loan in this case was not made for the purpose of remedying housing code violations. Cf. Hughes v. City of Cleveland (May 9, 1996), Cuyahoga App. No. 68869, unreported.
R.C. 2744.01(C)(2)(p) states that the provision or nonprovision of inspections of all types is a government function, including but not limited to inspections in connection with building codes. The statutory language is broad enough to include the inspection, or lack thereof, in connection with a low-interest loan. A plain reading of R.C. 2744.01(C)(2) indicates the legislative intent was for all inspections conducted by the City to be considered a governmental function. See Butler v. Jordan
(Aug. 12, 1999), Cuyahoga App. No. 74509, unreported. A particular activity can constitute a government function, although the activity is part of a proprietary program. See Blanton v. City of Marion (May 20, 1998), Marion App. No. 9-97-88, unreported.
Additionally, R.C. 2744.01(C)(2)(p) also specifically includes inspections, or lack thereof, in connection with stop work orders for a code violation. In this case, the City could issue a stop work order if work was not up to code.
The City was clearly immune from liability in this case. The trial court should have granted the City's motion for directed verdict.
Accordingly, this assignment of error is sustained.
 II.
Appellant's second assignment of error states:
 THE TRIAL COURT INSTRUCTED THE JURY ERRONEOUSLY AND OMITTED DEFENDANT/APPELLANT'S PROPOSED AMENDED INSTRUCTION THAT THE CITY OF CLEVELAND IS IMMUNE FROM LIABILITY PURSUANT TO CHAPTER 2744 OF THE OHIO REVISED CODE.
Due to our disposition of appellant's first assignment of error, this assignment of error is moot.
Accordingly, this assignment of error is overruled as moot.
The decision of the trial court is reversed.
Judgment is entered in favor of appellant, City of Cleveland.
This cause is reversed.
It is, therefore, considered that said appellants recover of said appellees their costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JOSEPH J. NAHRA*, J. CONCURS PATRICIA A. BLACKMON, J., DISSENTS (SEE ATTACHED DISSENTING OPINION)
* Sitting by Assignment: Judge Joseph J. Nahra, Retired, of the Eighth District Court of Appeals.